IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Duncan Toney, through Power of Attorney for Beatrice Toney, ) ) ) Plaintiff, ) ) vs. ) ) Ability Insurance Company, ) ) Defendant. ) _____ ) | C.A. No. 3:10-cv-2311-CMC OPINION AND ORDER ON DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT AND TO STAY |

Through this action, Plaintiff, Duncan Toney ("Duncan" or "Plaintiff"), acting as attorney in fact on behalf of his mother, Beatrice Toney ("Beatrice"), pursues claims for breach of contract and bad faith refusal to pay first party insurance benefits. Those claims relate to a policy of long term care insurance which Beatrice purchased in October 1989 and has maintained continually since that time. The matter is presently before the court on Defendant's motion for summary judgment. For the reasons set forth below, that motion is denied in part and granted in part. Denial of this motion moots Defendant's motion to stay the scheduling order.

**STANDARD**

Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (as amended December 1, 2010). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987).

**DISCUSSION**

**Standing.** Plaintiff brings this action based on a durable power of attorney giving him authority to act on his mother's behalf. Although he includes some allegations that suggest he may be seeking compensation under the bad faith claim for injuries he personally suffered, this is not the focus of the complaint. Instead, the court reads the complaint to assert claims in a representative capacity on behalf of Beatrice for Defendant's alleged breach of contract and bad faith refusal to pay benefits causing injury to Beatrice (including injuries potentially compensable under a bad faith claim).

The court will so limit the claims.[1] While this limits, or at least clarifies, the damages to be pursued, it does not dispose of any claims as both a claim for breach of contract and for bad faith refusal to pay benefits may be pursued in a representative capacity on Beatrice's behalf.

Although neither party has directly raised the issue, the court has also considered whether Plaintiff may pursue his claims under a power of attorney without seeking appointment as a guardian *ad litem*. Generally, an action must be brought in the name of the real party in interest. *See* Fed. R. Civ. P. 17(a). Certain specified representatives may, however, "sue in their own names without joining the person for whose benefit the action is brought." *Id*. Persons holding a power of attorney are not expressly listed among the specified representatives, although the rule includes parties "authorized by statute." Given the statutory basis for durable powers of attorney in South Carolina,

---

[1] In his opposition memorandum, Plaintiff refers to a case which held that a widow had capacity to sue in her individual capacity for breach of her husband's health insurance policy and could also seek damages under a bad faith claim. *See* Dkt. No. 34 at 7 (citing *Ateyeh v. Volkswagen of Florence, Inc.*, 341 S.E.2d 378 (S.C. 1986). That case is, however, distinguishable as the widow was responsible for the husband's expenses under the necessaries doctrine which placed her "in a derivative policyholder position." Plaintiff, as son of the policy holder, has no such standing. In any event, he has filed this action solely in a representative capacity on his mother's behalf.

Plaintiff is arguably authorized to proceed in a representative capacity under this subsection of Rule 17 (whether or not Beatrice is incompetent).

Another subpart of Rule 17 allows specified categories of representatives "to sue . . . on behalf of . . . an incompetent person." Fed. R. Civ. P. 17(c)(1). Assuming Beatrice is presently incompetent, Plaintiff may be covered by the "like fiduciary" subpart of this rule. *Id.* Even if not, Plaintiff could seek appointment as a guardian *ad litem* under Rule 17(c)(2) if Beatrice is incompetent. Based on what is presently before the court, the court will not finally resolve the issue of whether Plaintiff is proceeding in a *proper* representational capacity. If either party is concerned with this issue, that party may raise it by separate motion (*e.g.,* motion for appointment of guardian *ad litem* or to dismiss for failure to proceed in a proper representational capacity). *See generally* Rule 17(a)(3) (allowing joinder to cure defects).

**Contract Claim.** Defendant argues that Plaintiff's claim for reimbursement is not covered because the facility in which Beatrice is receiving care is not a "Nursing Facility" as defined in the policy. Dkt. No. 32-8 at 1. This argument rests on coverage terms and definitions found in a policy which Defendant's affiant, Donald Lawler, J.D., M.B.A. ("Lawler"), maintains is the policy issued to Beatrice by Defendant's predecessor, Medico Insurance Company ("Medico").

Plaintiff challenges Lawler's ability to offer testimony and Defendant's right to rely on the proffered policy on three grounds. First, Plaintiff asserts that Lawler was not identified as a witness during discovery. Second, Plaintiff asserts that Lawler cannot personally know what policy was issued to Beatrice given that it was issued by Medico twenty years before Defendant acquired Medico and assumed the obligations of its policies. Finally, Plaintiff argues that the policy on which

3

Defendant now relies was not timely disclosed. The court finds these concerns adequate to raise doubts both as to the admissibility and credibility of the evidence.[2]

In addition, Plaintiff points to evidence that, when Beatrice requested a copy of her policy in 2003, Defendant's predecessor provided a policy form with significantly different terms which it represented to be a "duplicate" of her policy. Plaintiff further asserts that Medico provided similar duplicates on at least three separate occasions. Dkt. No. 34 at 8 (citing Ex. D).[3]

Under these circumstances, the court finds that there is a genuine issue of material fact as to which document is controlling.[4] It follows that Defendant is not entitled to summary judgment based on the terms of the policy it maintains is controlling.

In a footnote on reply, Defendant offers an alternative argument for summary judgment based on the terms of the policy on which Plaintiff relies. *See* Dkt. No. 38 n. 3. This constitutes an entirely new basis for summary judgment raised for the first time on reply which will not be considered here.[5]

---

[2] Whether the policy on which Defendant relies may be offered at trial and whether Lawler may testify depend, in part, on when the document and witness were disclosed. These matters may be addressed at trial. Even if admitted, the evidence does not, at present, establish conclusively that this is the controlling policy as Plaintiff offers an alternative form.

[3] Even if the policy which Defendant's predecessor provided Beatrice in 2003 was not the correct policy, Defendant may be estopped from relying on any more limited terms.

[4] On reply, Defendant offers deposition excerpts from two other witnesses who offered testimony which appears to be based on the same policy form as offered by Lawler. The testimony of these witnesses indicates they relied on this form in making coverage decisions but does not establish that this policy was, in fact, the one issued to Beatrice. Neither does this testimony cast doubt on Plaintiff's claim that Defendant's predecessor, Medico, repeatedly provided a different form to Beatrice which it represented as a "duplicate" of her policy.

[5] Defendant cannot be surprised by Plaintiff's reliance on the "duplicate" policy as it was attached to the complaint. This argument should, therefore, have been raised in the motion for summary judgment, not on reply.

4

**Bad Faith Claim**. As noted above, the court will limit Plaintiff's claim for bad faith failure to pay first party benefits to a claim pursued on behalf of Beatrice, not a claim pursued in Plaintiff's individual capacity. Defendant also argues that this claim is factually foreclosed because Defendant has, despite having no obligation to do so, paid Plaintiff a 50% benefit for the care received.

For reasons set forth above, the court finds a genuine issue of material fact as to whether Defendant has breached the contract. Thus the premise for Defendant's argument as to the bad faith claim is in dispute, precluding summary judgment on this claim as well.

**Motion to Stay.** Defendant has moved to stay the scheduling order pending resolution of the motion for summary judgment. As the court has resolved the motion for summary judgment, the motion to stay is moot.

## CONCLUSION

For the reasons set forth above, Defendant's motion for summary judgment is granted to the extent it seeks to limit the claims at issue to claims pursued in a representative capacity on behalf of Beatrice Toney. This precludes Plaintiff from pursing recovery for injuries he may have suffered personally. Defendant's motion is denied in all other respects. Defendant's motion to stay is mooted by resolution of the motion for summary judgment. The parties shall, therefore, proceed as directed in the scheduling order.

**IT IS SO ORDERED.**

                                                  s/ Cameron McGowan Currie
                                                  CAMERON MCGOWAN CURRIE
                                                  UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 22, 2011